IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|   |   |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Criminal No. 03-0162 |
| | ) |
| BERNARD L. ROTTSCHAEFER | ) |

MEMORANDUM

Gary L. Lancaster,                           December 28, 2006
District Judge.

On March 10, 2004, a jury convicted Bernard Rottschaefer on 153 counts of a 208-count indictment charging him with unlawful distribution of controlled substances. The Court of Appeals for the Third Circuit has affirmed defendant's conviction and found that this court did not abuse its discretion in denying defendant's motion for a new trial. Defendant has now filed a second[1] motion for a new trial [doc. no. 74]. In it he argues that discovery obtained in medical malpractice cases filed by the five patient witnesses who testified against him at his criminal trial proves that these witnesses lied. The Government contends

---

[1] This is actually defendant's third motion for a new trial. We previously denied his second motion for a new trial, without prejudice, because we did not have the power to grant defendant the relief he requested while his petition for certiorari was pending before the United States Supreme Court [doc. no. 73]. Defendant's petition has been denied, the Court of Appeals has issued its mandate, and jurisdiction has now returned to this court.

that this evidence is not "newly discovered", and even if it were, does not warrant a new trial.

For the reasons that follow, we deny defendant's motion.

I.  BACKGROUND

Bernard Rottschaefer, at the time a licensed physician, was indicted for unlawfully distributing various controlled substances to five patients. In short, he was accused of writing prescriptions for drugs, such as Oxycontin, without a legitimate medical purpose. At trial, the Government introduced the five patients' charts, the testimony of a medical expert, Dr. Rottschaefer's employees, some of the patients' family members, and a DEA Investigator. In addition, each of the five patients testified at trial.

The Government's evidence indicated that these five patients were prescribed excessive doses of controlled substances over the course of many months, and sometimes years. Defendant performed no medical testing on these patients, reviewed no medical records, did not refer any of them to specialists, and ignored indications of drug addiction and drug-seeking behaviors. For all patients, including one who was seeking treatment for migraine headaches, "prudent body dynamics and range of motion exercises" was the only planned course of treatment. In addition, four of the five patient witnesses testified that they

provided defendant with sexual favors in his examining rooms in exchange for the prescriptions.

Each of the five patients have now filed civil medical malpractice cases against defendant. Defendant contends that deposition testimony in four of those cases, and the verified complaint in one of them, proves that the patients lied at his criminal trial when they testified that they were addicted to the drugs and had no medical conditions requiring treatment. In addition, defendant claims that discovery in the civil cases has revealed that the Government allowed two of the patients to testify, falsely, at trial that they had not been promised leniency on charges against them in exchange for favorable testimony in defendant's prosecution.

We have denied both of defendant's previous motions for a new trial. In the first motion, defendant claimed that a new trial was warranted because letters written by one of the patients proved that she had fabricated her trial testimony. The Court of Appeals for the Third Circuit has reviewed, and affirmed that decision, finding that the letters were merely cumulative and impeaching, and would not have probably produced an acquittal. The United States Supreme Court has denied defendant's petition for certiorari. As noted above, we denied defendant's second motion for a new trial because we lacked jurisdiction.

II. <u>LEGAL STANDARD</u>

A district court may only grant a new trial on the basis of newly discovered evidence if five requirements are met: (1) the evidence was, in fact, newly discovered since trial; (2) facts are alleged from which the court can infer diligence on the part of the movant; (3) the new evidence is not "merely cumulative or impeaching"; (4) the evidence is material to the issues involved; and (5) the evidence is such, and of such nature, that on a new trial it would probably produce an acquittal. <u>United States v. Saada</u>, 212 F.3d 210, 216 (3d Cir. 2000). The defendant bears a heavy burden in meeting these requirements, and a decision on such a motion is directed to the district court's discretion. <u>Id.</u>; <u>United States v. Iannelli</u>, 528 F.2d 1290, 1292 (3d Cir. 1976).

A new trial is warranted for a <u>Giglio</u> violation when three requirements are satisfied: (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment. <u>United States v. Risha</u>, 445 F.3d 298, 303 (3d Cir. 2006); <u>see also</u> <u>United States v. Giglio</u>, 405 U.S. 1504 (1972).

III. <u>DISCUSSION</u>

    A.   <u>Newly Discovered Evidence</u>

We find that the patient evidence is merely cumulative and impeaching. As the Court of Appeals has pointed out in its decision affirming our denial of defendant's first motion for a new trial, there was substantial evidence adduced at trial challenging the five patients' credibility. Defendant was given ample opportunity to cross examine these witnesses and call their testimony into question, and he did so. Veracity of witnesses may not be tested for a second time. <u>United States v. Rutkin</u>, 208 F.2d 647, 654 (3d Cir. 1953). The testimony is merely cumulative and impeaching.

We reject any notion that the "new" evidence is substantively exculpatory and would probably result in an acquittal. Defendant argues that because the patients now claim that they were not addicted to the drugs and were actually in pain, defendant had a medical reason for writing the prescriptions. The five patients' testimony regarding whether they were in pain and/or addicted to the drugs at a particular point in time, however, was just one piece of the Government's case. As recited above, the Government presented significant evidence, apart from the patients' testimony, proving that the accused prescriptions were written outside of defendant's medical practice. We find that based on a review of all the evidence

presented at trial, along with this "new" evidence, a second trial would probably not result in an acquittal.

Our conclusion is in accord with the Court of Appeals's recent determination that there was sufficient evidence, independent of patient testimony, to uphold Rottschaefer's convictions. United States v. Rottschaefer, 178 Fed.Appx. 145, 150 (3d Cir. 2006). We reaffirm that notion and find that even with the inclusion of this new evidence, the whole case would not be put in such a different light that a re-trial would "probably produce an acquittal". The overall circumstances, and evidence, of this case are such that regardless of what the patient witnesses may have told defendant about their symptoms, the prescriptions were not written for medical purposes. As such, defendant cannot satisfy the elements warranting a new trial based on newly discovered evidence.[2]

---

[2] Although neither party has addressed the application of the Larrison rule to this case, we find that even were it to apply, defendant could not satisfy its elements. Without the allegedly false testimony of the five patients regarding pain and addiction, in light of all the other evidence adduced at trial, we conclude that the jury still would have come to the same verdict. Larrison v. United States, 24 F.2d 82 (7th Cir. 1928) (setting forth three part test for grant of a new trial on the ground that a government witness perjured herself); see United States v. Massac, 867 F.2d 174, 178-79 (3d Cir. 1989)(recognizing that the Larrison rule has not been adopted by the Court of Appeals for the Third Circuit, citing cases, but applying it based on the parties' consent).

B. <u>Giglio Violation</u>

We also reject defendant's request for a new trial on the basis that the Government committed <u>Giglio</u> violations. Defendant contends that the Government knowingly allowed two patient witnesses to testify falsely at the criminal trial that they were not promised leniency in exchange for favorable testimony against him. In support of his contention that this testimony was false, defendant notes that these witnesses did, in fact, receive leniency in their cases following their trial testimony.

Defendant's evidence does not prove that favorable evidence was suppressed. Both witnesses were questioned as to their understandings with the government, and both expressed a hope that they would be rewarded for their testimony, but denied that any promises had been made. Defendant has not proven the contrary to be true. We cannot infer from the fact that these two witnesses have now received leniency, that they had been promised leniency at the time of trial, but lied about it on the stand. Defendant cannot satisfy the elements warranting a new trial on the basis of <u>Giglio</u> violations.

IV. <u>CONCLUSION</u>

For the foregoing reasons, we deny defendant's second motion for a new trial. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | ) Criminal No. 03-0162 |
| | ) |
| BERNARD L. ROTTSCHAEFER | ) |

ORDER

AND NOW, this 28th day of December, 2006, IT IS HEREBY ORDERED that defendant's Second Motion for a New Trial [doc. no. 74] is DENIED. Defendant's Motion for Discovery of Grand Jury Testimony [doc. no. 85] is DENIED.

IT IS FURTHER ORDERED that in accord with the court of appeals' mandate, resentencing in this matter will take place on the 9th day of February, 2007, at 2 p.m. in Courtroom 3A.

BY THE COURT,

_____, J.

cc: All Counsel of Record
    US Marshal
    US Probation