```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BERNARD ROTTSCHAEFER,            )
          Petitioner,            )
                                 )
     v.                          )   Civ. Act. No. 09-507
                                 )   Crim. Act. No. 03-162
                                 )
UNITED STATES OF AMERICA,        )
          Respondent.            )
```

MEMORANDUM

Gary L. Lancaster,  
Chief Judge.                                      November 24, 2009

Petitioner, Bernard Rottschaefer, has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. On June 2, 2003, a grand jury indicted petitioner on 203 counts of unlawfully distributing controlled substances in violation of 21 U.S.C. § 841(a). On March 10, 2004, a jury found petitioner guilty of 153 counts. By judgment dated February 18, 2007, this court sentenced petitioner to sixty (60) months in prison, to be followed by three (3) years of supervised release.

On April 27, 2009, petitioner timely filed this motion. In his motion petitioner argues that his trial attorneys were so ineffective that he was denied his right to counsel guaranteed by the Sixth Amendment to the United States Constitution. Petitioner contends that trial counsel were ineffective because they failed to: (1) obtain a medical expert to rebut the government's medical expert; (2) object to improper testimony; (3) obtain medical records; and (4) object to the jury instructions. The government

opposes petitioner's motion to vacate sentence and argues that petitioner's trial counsel were not ineffective. On September 18, 2009, this court held an evidentiary hearing on the issue of whether petitioner's trial counsel were ineffective[1]. For the reasons that follow, petitioner's motion to vacate sentence will be denied.

I. BACKGROUND

On September 24, 2004, this court sentenced petitioner to seventy-eight (78) months in prison, to be followed by three (3) years of supervised release. On October 4, 2004, petitioner appealed his conviction to the Court of Appeals for the Third Circuit on the basis of prosecutorial misconduct and ineffective assistance of counsel. On appeal, petitioner contended that the government and his trial counsel improperly allowed the court to try him under a civil medical malpractice standard instead of a higher, criminal, standard of proof.

While his appeal was pending, petitioner filed a motion for a new trial. On January 21, 2005, this court denied petitioner's motion. Petitioner appealed. On April 27, 2006, the

---

[1] In his motion, petitioner argued that his sentence should be vacated because: (1) he was denied the effective assistance of counsel; and (2) the government violated its obligations to disclose potentially exculpatory material as required by Brady v. Maryland, 373 U.S. 83 (1963). At the evidentiary hearing, counsel for petitioner withdrew the Brady objections and conceded that the only issue which required an evidentiary hearing was whether trial counsel's failure to obtain a medical expert constitutes ineffective assistance.

court of appeals affirmed both petitioner's conviction and this court's denial of his motion for a new trial. The court of appeals concluded that the government "acted well within the law when it defined [petitioner's] crimes in terms of prescribing narcotics for 'no legitimate medical reason'." United States v. Rottschaefer, 178 Fed.Appx. 145, 148 (3d Cir. 2006). The court of appeals concluded that petitioner "has not explained to our satisfaction how an improper standard was applied in his trial at all ...." Id. The court of appeals remanded, in order to allow this court to sentence petitioner in light of the United States Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Upon remand, petitioner was sentenced to sixty (60) months in prison and three (3) years of supervised release. On September 18, 2009, this court held an evidentiary hearing on the issue of whether petitioner's trial counsel were ineffective.

As noted above, petitioner was convicted of 153 counts of unlawful distribution of a controlled substance. Petitioner was a licensed medical doctor. A jury convicted him of prescribing controlled substances to five (5) patients for no legitimate medical purpose in violation of 21 U.S.C. § 841(a)(1). These patients testified at trial that petitioner gave them drugs in exchange for sexual favors. Following his criminal conviction, several of the women who testified that petitioner gave them

prescriptions in exchange for sex filed civil medical malpractice suits against him.

Petitioner's office staff also testified at trial. One employee, Diane Wisniewski, testified that petitioner's conduct toward these patients was inconsistent with the rules of the practice and otherwise suspicious. Specifically, Ms. Wisniewski testified that petitioner allowed these patients to schedule followup appointments in less than thirty (30) days in violation of normal office practice and that he refilled the prescriptions of these patients early. Ms. Wisniewski further testified that petitioner spent twice as much time with these patients as compared to the amount of time he spent with other patients. In addition, Ms. Wisniewski testified that these patients behaved and appeared as though they were under the influence of drugs. Ms. Wisniewski also testified that petitioner, despite a general practice of leaving examination rooms unlocked during exams, locked the doors when examining some of these patients. Ms. Wisniewski specifically recalled that one of these patients disrobed completely, and unnecessarily, prior to an exam. According to Ms. Wisniewski, petitioner then came into the exam room and asked Ms. Wisniewski to leave. An additional staff member, Dina Szymanski, corroborated Ms. Wisniewski's testimony.

In addition to the patients and petitioner's office staff, Drug Enforcement Agent Lou Colosimo testified as an expert

4

at trial. Agent Colosimo testified as to the reports he received from petitioner's staff members and his subsequent investigation. Agent Colosimo further testified as to the dangers of the drugs petitioner prescribed to the patients. Specifically, Agent Colosimo testified that, in his experience, the drugs petitioner prescribed were the drugs of choice for addicts undergoing methadone treatment. Agent Colosimo also testified as to behaviors which should indicate to a doctor that a patient is addicted to drugs. He also testified that the medical charts of the patients showed they were, in fact, addicted to drugs.

At the evidentiary hearing, petitioner called Attorney Paula Koczan to testify. Ms. Koczan, an attorney with twenty-three (23) years of experience, is petitioner's trial counsel for the civil lawsuits against him. Ms. Koczan determined early in her evaluation of the cases, that a medical expert would be required to define the standard of care in order to defend petitioner against the claims of medical malpractice. Ms. Koczan had worked with Dr. Marc Itskowitz on other matters during her practice, and he agreed to serve as petitioner's medical expert in the civil actions.

At the request of petitioner's current counsel, Dr. Itskowitz[2] prepared an expert report in this matter. He also testified at the evidentiary hearing. Dr. Itskowitz reviewed

---

    2
        Dr. Itskowitz is a board certified physician in the speciality of internal medicine. Dr. Itskowitz is licensed to practice medicine in the Commonwealth of Pennsylvania.

documents including patient records and some portions of the criminal trial transcript. He concluded in his expert report that "within a reasonable degree of medical certainty ... the care provided by [petitioner] was within accepted standards." [Exhibit A to doc. No. 111 at crim. no. 03-162]. Dr. Itskowitz further concluded that "[petitioner] prescribed OxyContin, Duragesic and Xanax for legitimate medical purposes during the usual course of medical practice." Id.

It is significant to note that petitioner's current counsel "directed him to assume that the allegations of sex for drugs were untrue, as it is not an expert's province to opine on the veracity of those allegations." [doc. no. 111 at crim. no. 03-162 at paragraph 19]. Accordingly, Dr. Itskowitz qualified his opinion, and stated that "[i]n reaching my conclusion, I am assuming that [petitioner] did not provide medication in exchange for sexual activity." [Exhibit A to doc. no. 111 at crim. no. 03-162 at page 13].

At the evidentiary hearing, Dr. Itskowitz testified that, if he had instead assumed that the patients' trial testimony was true, he would have concluded that petitioner's conduct was not within accepted standards, nor was it done for a legitimate medical purpose. Dr. Itskowitz testified that doctors are prohibited from engaging in sex with their patients.

John Ceraso, one of petitioner's criminal trial attorneys[3], testified that trial counsel contacted two (2) doctors and attempted to secure their testimony at trial. Specifically, Mr. Ceraso contacted a doctor petitioner recommended. Mr. Ceraso spoke on the telephone with the doctor for approximately 45 minutes. Although the doctor never reviewed any medical records, he indicated to Mr. Ceraso that he could not, and would not, testify as an expert for petitioner.

Mr. Ceraso's co-counsel, Mr. Irving Green, retained Dr. Michael P. Toshok to review the records of the patients who testified at trial. Dr. Toshok spent six (6) hours reviewing the files. Dr. Toshok charged $1500.00 to do so. Dr. Toshok ultimately advised Mr. Green that his testimony would not be helpful to petitioner. Trial counsel chose, therefore, to not call him as an expert witness.

In addition, trial counsel noted that petitioner was extremely articulate. Trial counsel were also told by Thomas Ceraso, who was a prominent and well respected criminal defense attorney[4], that petitioner was the best witness Mr. Thomas Ceraso had ever seen testify. Mr. John Ceraso and Mr. Green determined

---

[3] Irving Green also served as petitioner's trial counsel. Mr. Green passed away earlier this year.

[4] Mr. Thomas Ceraso passed away earlier this year.

that, in light of the circumstances, it would be best to call petitioner to testify as his own expert witness.

## II. DISCUSSION

In order for petitioner to succeed on an ineffective assistance of counsel claim, he must prove: (1) that his counsel was deficient; and (2) that he was prejudiced by his counsel's deficiency. Strickland v. Washington, 466 U.S. 668, 687 (1984). The court of appeals recently observed that, in order to satisfy the first prong of the Strickland test, petitioner "must show that 'counsel's performance fell below an objective standard of reasonableness.'" Lewis v. Horn, 581 F.3d 92, 106 (3d Cir. 2009)(quoting Strickland, 466 U.S. at 688). Accordingly, we "must make every effort ... to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. (citation and internal quotation omitted). The court of appeals directed that we:

> must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (citation and internal quotation omitted).

The court of appeals noted that "[t]he presumption can be rebutted by showing that the conduct was not, in fact, part of a strategy or

by showing that the strategy employed was unsound." Id. (citation and internal quotation omitted).

Generally speaking, the court of appeals advises that we should first evaluate the prejudice prong of the Strickland analysis because "this course of action is less burdensome to defense counsel." United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005) (quoting United States v. McCoy, 410 F.3d 124, 132 n.6 (3d Cir. 2005))(internal quotations omitted).

To establish prejudice, petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; Weeks v. Snyder, 219 F.3d 245, 257 (3d Cir. 2000). In other words, petitioner must show that there is a reasonable probability that his counsel's errors resulted in his conviction. Glover v. United States, 531 U.S. 198, 203 (2001).

As noted above, petitioner contends that trial counsel were ineffective because they failed to: (1) obtain a medical expert; (2) object to improper testimony; (3) obtain medical records; and (4) object to the jury instructions.

As to petitioner's claim that trial counsel were ineffective because they failed to obtain a medical expert, the testimony of attorney John Ceraso conclusively establishes that trial counsel's decision not to call a medical expert to testify at

trial was sound strategy. According to Mr. Ceraso, he and Mr. Green contacted two doctors, both of whom refused to testify as petitioner's medical expert. Simply put, it is not ineffective assistance of counsel to fail to find an expert witness who simply does not exist. Indeed, even petitioner's current expert, Dr. Itskowitz, had to qualify his opinion by excluding the fact the petitioner was exchanging sex for drugs. The fact that petitioner was exchanging sex for drugs was central to the government's case against him.

Petitioner claims that his trial counsel were ineffective because they failed to object to the expert testimony of Agent Colosimo. Although petitioner concedes that Agent Colosimo was qualified as an expert in his field, he contends that Agent Colosimo also opined on matters outside his specialty related to pain management and/or addiction. The court finds that trial counsel's failure to object to Agent Colosimo's testimony was within the wide range of reasonable professional assistance. Further, even if petitioner could establish that trial counsel's conduct was deficient, petitioner has failed to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

Petitioner also claims that trial counsel were ineffective because they failed to obtain additional medical

records for the five female patients from hospitals and other medical providers. Petitioner contends that, had trial counsel obtained these records, trial counsel could have established that other doctors had concluded that these patients had a legitimate medical need for the drugs. Again, even if petitioner could establish that trial counsel's conduct was deficient, he cannot show prejudice. In short, the jury believed that petitioner traded controlled substances for sexual favors from these patients. Whether these patients may arguably have had a medical use for the controlled substances is, therefore, not dispositive.

Finally, petitioner contends that trial counsel were ineffective because they failed to object to this court's jury instructions. Petitioner specifically contends that, by referring to "good faith" in the jury instructions, this court erroneously conflated the legal standard which governs a civil medical malpractice action with the legal standard which governs a criminal prosecution. Contrary to petitioner's claim, the court of appeals has already determined, in a previous iteration of this argument, that petitioner "has not explained to our satisfaction how an improper standard was applied in his trial at all ...." Rottschaefer, 176 Fed.Appx. at 148. Thus, trial counsel's conduct was not deficient. The record, therefore, conclusively shows that petitioner is not entitled to relief on his claim for ineffective assistance of counsel. An appropriate order follows.

11

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD ROTTSCHAEFER, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | Civ. Act. No. 09-507<br>Crim. Act. No. 03-162 |

### ORDER

AND NOW, this 24th day of November, 2009, IT IS HEREBY ORDERED THAT petitioner's motion to vacate, set aside, or correct sentence [crim. doc. no. 111] is DENIED.

BY THE COURT:

_____, Chief J.

cc:      All Counsel of Record